**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRUCE SCHWARTZ, an individual,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA, NATIONAL RIFLE ASSOCIATION AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

CASE NO. 06cv1416 DMS (WMC)

**ORDER (1) GRANTING IN PART AND DENYING IN PART LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT; (2) GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRAYER FOR TREBLE AND PUNITIVE DAMAGES; AND (3) DENYING DEFENDANT'S REQUEST FOR A MORE DEFINITE STATEMENT**

[Docket No. 5]

This matter comes before the court on Defendant Life Insurance Company of America's motion to dismiss portions of Plaintiff's first amended complaint, to strike unwarranted damage claims, and for a more definite statement. Defendant filed its motion on July 21, 2006, Plaintiff filed his opposition on August 25, 2006, and Defendant filed its reply on September 1, 2006.

**I.**

**FACTUAL BACKGROUND**

Plaintiff was issued hospital indemnity insurance coverage by Life Insurance Company of North America ("LINA") under two separate policies. As a member of the National Rifle Association

("NRA"), Plaintiff was issued a certificate for hospital indemnity insurance under the NRA policy, effective June 1, 2000. (First Am. Compl. at 3). As a member of the National Counsel of Jewish Women ("NCJW"), Plaintiff was issued a separate certificate under the NCJW policy, effective May 1, 2001. (*Id.)* Since October 2004, Plaintiff has been admitted to the hospital on three occasions for treatment. (*Id.* at 4.) After each hospitalization, Plaintiff submitted a claim for benefits to LINA under his hospital indemnity insurance plans. (*Id.*) On March 14, 2005, Plaintiff received a letter stating: "This claim is being denied according to plan provisions and limitations as it was determined that all the testing should and could have been performed on an outpatient basis." (*See* Declaration of Bruce Schwartz in Supp. Of Opp'n to Mot. to Dismiss, Ex. B.)

On June 9, 2006, Plaintiff filed a first amended complaint against LINA in the San Diego County Superior Court, alleging breach of contract, bad faith, negligent infliction of emotional distress, false promise, conversion, and violation of California Business and Professions Code § 17200. The action was removed to this Court on July 14, 2006. LINA now moves to dismiss four of Plaintiff's six claims for relief, including: negligent infliction of emotional distress, false promise, conversion, and violation of California Business and Professions Code § 17200. LINA also moves to strike Plaintiff's prayer for treble damages under the bad faith claim and punitive damages under the negligence claim.

## II.

## DISCUSSION

Defendant raises several arguments in support of its motion to dismiss. First, Defendant argues Plaintiff's claim for negligent infliction of emotional distress fails to allege an independent, extracontractual legal duty giving rise to such a tort. Second, Defendant argues Plaintiff's claim for false promise fails to allege fraud with sufficient particularity. Third, Defendant argues Plaintiff's claim for conversion is fatally defective because insurance benefits cannot as a matter of law constitute converted property. Fourth, Defendant contends Plaintiff's claim of "unlawful" practices under California Business and Professions Code § 17200 fails to allege a violation of any particular law; alternatively, Defendant moves for a more definite statement regarding any alleged "unfair" practices attributed to Defendant under § 17200. Finally, Defendant argues Plaintiff's requests for

treble and punitive damages are not authorized under the particular claims in which they are alleged and must be stricken.

**A. Motion to Dismiss - Standard of Review**

In ruling on a motion to dismiss the court construes the complaint in the light most favorable to the plaintiff. All material allegations made by the plaintiff are accepted as true, as well as any reasonable inferences that may be drawn from such allegations. "The sole issue raised by a 12(b)(6) motion to dismiss is whether the facts pleaded would, if established, support a valid claim for relief. Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal." Schwarzer, *et al.*, *Cal. Prac. Guide. Fed. Civ. Pro. Before Trial* ¶9:216 (The Rutter Group 2006). It is not necessary, however, for the court to accept conclusory allegations as true. Nor must the court accept any unreasonable inferences the plaintiff has drawn from allegations stated in the complaint. *Id.* at ¶9:221. In addition, leave to amend the complaint will be freely given where justice requires. Fed. R. Civ. P. 15(a).

**1. Negligent Infliction of Emotional Distress**

Plaintiff alleges negligent infliction of emotional distress resulting from Defendant's failure to provide insurance benefits for his hospitalization. (First Am. Comp. at ¶34.) Plaintiff further alleges Defendant was aware that he, as a person with serious health conditions, was substantially more vulnerable than other individuals in the general public. (*Id.* at ¶24.)

To establish a claim for negligent infliction of emotional distress Plaintiff must allege: (1) a legal duty to use due care; (2) a breach of such duty; (3) legal cause; and (4) damages caused by the negligent breach. *Friedman v. Merck & Co.,* 107 Cal. App. 4th 464, 463 (2003). Defendant argues Plaintiff cannot meet the first element, as Defendant owes no independent extracontractual legal duty to Plaintiff giving rise to emotional distress damages. Defendant contends that, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of *some other legal duty* and the emotional distress is proximately caused by that breach of duty," citing *Gu v. BMW of North America, LLC,* 132 Cal.App. 4th 195, 207 (2005). (Def.'s Mot. to Dismiss at 6) (emphasis added by Defendant). Accordingly, Defendant argues, "Plaintiff cannot state facts to support a *separate* cause of action for

emotional distress due to negligent handling of Plaintiff's claims for benefits." (*Id*.)

The law, however, provides otherwise. *See Johnson v. Mutual Benefit Life Ins. Co.*, 847 F.2d 600 (9th Cir. 1988) (discussing insured's negligent infliction of emotional distress claim against insurer); *Bogard v. Employers Casualty* Co., 164 Cal. App. 3d 602 (1985) (recognizing insureds' negligent infliction of emotional distress claim against insurer); *Williams v. Transport Indem. Co.*, 157 Cal. App.3d 953, 963-64 (1984) (implying insured's spouse could maintain claim for negligent infliction of emotional distress *if* she was an insured under the policy). In addition, the case upon which Defendant relies actually supports Plaintiff's position that a separate claim for emotional distress may be stated under certain circumstances.

In *Gu*, 132 Cal. App.4th at 195, the court recognized that, "[a] legal duty *may* be imposed by law, be assumed by the defendant, or *exist by virtue of a special relationship*" giving rise to a separate claim for emotional distress, but found no such duty under the facts before the court. *Id.* at 204 (citation omitted) (emphasis added). In *Gu*, the owner of a defective BMW filed a claim for negligent infliction of emotional distress against a dealership when the car owner's sister was killed in an accident while driving the car. 132 Cal. App.4th at 195. The court found, in relevant part, that a "contract for sale of an automobile is not essentially tied to the buyer's mental or emotional well-being," *id.* at 198, and thus BMW's legal duty was not related to the emotional condition of the plaintiff. BMW did not have a duty to the plaintiff beyond the ordinary duty to use reasonable care in designing the car's safety features.

Consistent with *Gu*, courts have found a "'special relationship' inherent in the unique nature of an insurance contract." *Love v. Fire Insurance Exchange*, 221 Cal. App. 3d 1136, 1147 (1990). Because of this special relationship, the insurer is held to a heightened duty of good faith. *Id.* Insurance contracts are unique, because instead of seeking economic gain, insureds seek "security and peace of mind through protection against calamity." *Id.* at 1148.

Here, the special relationship created by the insurance contract gives rise to an independent duty to protect the insured's peace of mind and emotional well-being, particularly under the facts alleged here regarding Plaintiff's serious health condition, vulnerability, hospital stay, and need for hospital indemnity coverage. Plaintiff's claim for negligent infliction of emotional distress is therefore

not legally deficient. Because Plaintiff has pled the necessary elements of such a claim, the motion to dismiss this claim is denied.

**2. False Promise**

Defendant correctly asserts that a claim for false promise is essentially a claim for fraud and must be pled with particularity. Fed. R. Civ P. 9(b). The essential elements of a false promise claim are: (1) a material promise made with no intent to perform; (2) an intent to induce reliance on the promise; (3) an unawareness that the promising party did not intend to perform; and (4) damages as a result of relying on the promise. Cal. Jury. Instr. Civ. 12.40. To meet the particularity requirement, Plaintiff must plead facts to "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Superior Court,* 12 Cal. 4th 631, 645 (1996).

Plaintiff's false promise claim is not pled with sufficient particularity. Plaintiff merely alleges Defendant promised to provide Plaintiff with insurance coverage if hospitalized; Defendant's intent was absent and/or fraudulent; Defendant failed to attempt performance; and as a result Plaintiff was damaged. (First Am. Comp. at ¶¶38-43.) Plaintiff has failed to plead with sufficient particularity who made the promise of insurance coverage, when, and where the promise was made. Further, Plaintiff has failed to allege more than a conclusory allegation that Defendant had fraudulent intent at the time the promise was made. Therefore, the motion to dismiss this cause of action is granted with leave to amend.

**3. Conversion**

Plaintiff alleges that Defendant, after receiving Plaintiff's insurance premium, failed to provide benefits under the policy, thus interfering with Plaintiff's possessory interest in the monies paid as premiums. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Oakdale Village Group v. Fong,* 43 Cal. App. 4th 539, 544 (1996). In the present case, Plaintiff did not have an ownership interest in the money once he entered the contract and tendered his premium. Upon paying the premium, Plaintiff traded his right to possession of the funds for a contractual right to benefits under the policy.

/ / /

In *Jerman v. Bank of America*, 7 Cal. App. 3d 882 (1970), a woman sued the bank for failure to pay on cashier's checks to the named payees. The agreement between the plaintiff and the bank created a contractual relationship, in which the plaintiff paid consideration in exchange for the bank's promise to make payment on the checks. "Since the right of the purchaser to recover her consideration is based on contract she has no need to rely on tort claims for conversion, either her own or those of the payees. Hence defenses available in conversion and the measure of damages for such claims are immaterial." *Id.* at 891. So it is here.

Defendant's failure to pay any valid benefits constitutes a breach of the insurance contract, not a conversion. Defendant's motion to dismiss this claim is granted without leave to amend.

**4. California Business & Professions Code § 17200**

Plaintiff alleges Defendant has engaged in "unlawful" claims practices by improperly denying insurance benefits. Defendant argues, and the Court agrees, that to maintain a claim for *unlawful* business practice under Section 17200, Plaintiff must allege that Defendant violated some specific law. *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619 (1993).

In *Chabner v. United of Omaha Life Ins. Co.*, 225 F. 3d 1042 (9th Cir.2000), the Ninth Circuit court noted:

> The California Supreme Court has held that section 17200 defines unfair competition very broadly, to include anything that can properly be called a business practice and that at the same time is forbidden by law. By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition makes independently actionable.

*Id.* at 1048 (internal quotations marks and citations omitted).

Here, Plaintiff alleges Defendant has engaged in unlawful claims practices by failing to pay benefits on valid hospital indemnity claims. However, Plaintiff has failed to allege a violation of a specific statute. Therefore, Defendant's motion to dismiss is granted with leave to amend. As Plaintiff will have the opportunity to amend the complaint, Defendant's motion for a more definite statement is denied without prejudice. To the extent Plaintiff seeks to allege an "unfair" practice under Section 17200, he may attempt do so in his amended pleading.

/ / /

/ / /

**B. Motion to Strike - Standard of Review**

A motion to strike may be used to challenge any portion of a pleading, including a prayer for relief where the damages requested are not recoverable as a matter of law. *Wilderson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005). When ruling on a motion to strike, the court must construe the complaint in the light most favorable to the plaintiff. "As with motions to dismiss for failure to state a claim, the grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the court may judicially notice (*e.g.*, the court's own files or records)." Schwarzer, *et al., Cal. Prac. Guide. Fed. Civ. Pro. Before Trial* ¶9:403 (The Rutter Group 2006). Courts should err on the side of caution, therefore any doubt should be resolved in favor of the plaintiff.

**1. Treble Damages**

California Civil Code § 3345(a) and (b) allows for treble damages "for the benefit of senior citizens or disabled persons . . . to redress unfair or deceptive acts or practices or unfair methods of competition," provided the "trier of fact is [first] authorized by statute to impose either a fine, or a civil penalty or other . . . remedy the purpose or effect of which is to punish or deter . . . ." Plaintiff does allege he is a disabled person who has suffered from unlawful insurance practices of Defendant, but he seeks treble damages solely under his bad faith claim. (First Am. Comp. at ¶30.) Defendant correctly observes there is no statute authorizing fines, penalties or other remedies for bad faith to serve as a "predicate for invoking Section 3345, " as bad faith is a creature of common law.[1] (Def.'s Mot. to Dismiss at 15.) Defendant's motion to strike Plaintiff's prayer for treble damages is therefore granted as to this claim.

**2. Punitive Damages**

Plaintiff seeks punitive damages under his claim for negligent infliction of emotional distress. (First Amended Complaint ¶36.) It is well settled that punitive damages may not be recovered for liability based on negligence. Therefore, Defendant's motion to strike Plaintiff's prayer for punitive damages is granted as to this claim.

---

[1] While unfair insurance practices have now been codified in Insurance Code § 790.03, damages arising under § 790.03 have been developed by caselaw. The sole exception appears to be for an insurer's liability "*to the state* for a civil penalty to be fixed by the commissioner" (Ins. Code § 790.035)(emphasis added); thus, the exception does not provide a statutory basis upon which Plaintiff may seek treble damages.

**III.**

**CONCLUSION AND ORDER**

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court denies the motion to dismiss Plaintiff's third claim for relief, and grants the motion to dismiss Plaintiff's fourth, fifth, and sixth claims for relief. Plaintiff is granted leave to amend his fourth and sixth claims for relief only. Defendant's motions for a more definite statement is denied without prejudice. Defendant's motion to strike treble and punitive damages is granted.

Plaintiff shall file his Second Amended Complaint by September 29, 2006. Plaintiff shall also contact the Magistrate Judge and schedule an Early Neutral Evaluation Conference to be held within 30 days of the filing of this Order, at which time all pretrial and trial dates shall be set.

**IT IS SO ORDERED.**

DATED: September 14, 2006

DANA M. SABRAW
United States District Judge

cc: all parties
Judge McCurine