# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE SCHWARTZ, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, NATIONAL RIFLE ASSOCIATION AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 06cv1416 DMS (WMC)<br><br>**ORDER (1) GRANTING DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRAYER FOR TREBLE AND PUNITIVE DAMAGES; AND (3) DENYING DEFENDANT'S REQUEST FOR A MORE DEFINITE STATEMENT**<br><br>[Docket No. 3] |

　　　This matter comes before the court on Defendant National Rifle Association's motion to dismiss Plaintiff's first amended complaint, to strike unwarranted damage claims, and for a more definite statement. Defendant filed its motion on July 21, 2006, Plaintiff filed his opposition on August 25, 2006, and Defendant filed its reply on September 1, 2006.

## I.

## FACTUAL BACKGROUND

　　　Plaintiff was issued hospital indemnity insurance coverage by Life Insurance Company of North America (hereinafter "LINA") under two separate policies. As a member of the National Rifle

Association of America (hereinafter "NRA"), Plaintiff was issued a certificate for hospital indemnity Insurance under a NRA group policy, effective June 1, 2000. (First Am. Compl. at 3). As a member of the National Counsel of Jewish Women (hereinafter "NCJW"), Plaintiff was issued a separate certificate under the NCJW group policy, effective May 1, 2001. *(Id.)* Since October 2004, Plaintiff has been admitted to the hospital for treatment on three occasions. *(Id.* at 4.) After each hospitalization, Plaintiff submitted a claim for benefits to LINA under his hospital indemnity insurance plans. *(Id.)* On March 14, 2005, Plaintiff received a letter stating: "This claim is being denied according to plan provisions and limitations as it was determined that all the testing should and could have been performed on an outpatient basis." (*See* Declaration of Bruce Schwartz in Supp. Of Opp'n to Mot. to Dismiss, Ex. B.)

On June 9, 2006, Plaintiff filed a first amended complaint against the NRA with the San Diego County Superior Court alleging breach of contract, bad faith, negligent infliction of emotional distress, false promise, conversion, and violation of California Business and Professions Code § 17200. The action was removed to federal court on July 14, 2006. The NRA now moves to dismiss Plaintiff's first amended complaint in its entirety. The NRA also moves to strike Plaintiff's prayer for treble damages under the bad faith claim and punitive damages under the negligence claim.

## II.

## DISCUSSION

Defendant argues Plaintiff's claims are based on the incorrect belief the NRA is Plaintiff's insurer of hospital indemnity coverage. Instead, Defendant contends the NRA is the group policyholder, not an insurer, and therefore is not liable for any of the claims made by Plaintiff in his first amended complaint. Defendant also argues Plaintiff's requests for treble and punitive damages must be striken because such damages are not authorized under the particular claims in which they are alleged.[1]

/ / /

/ / /

---

[1] The Court incorporates its Motion to Strike analysis from the Order Granting in part and Denying in part Life Insurance Company of North America's Motion to Dismiss. The NRA's Motion to Strike will not be separately addressed here.

#### A.    Motion to Dismiss - Standard of Review

In ruling on a motion to dismiss the court construes the complaint in the light most favorable to the plaintiff. All material allegations made by the plaintiff are excepted at true, as well as any reasonable inferences that may be drawn from such allegations. "The sole issue raised by a 12(b)(6) motion to dismiss is whether the facts pleaded would, if established, support a valid claim for relief. Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal." Schwarzer, *et al., Cal. Prac. Guide. Fed. Civ. Pro. Before Trial* ¶9:216 (The Rutter Group 2006). It is not necessary for the court to accept conclusory allegations as true. Nor must the court accept any unreasonable inferences the plaintiff has drawn from any allegations stated in the complaint. *Id.* at ¶9:221. In addition, leave to amend the complaint will be freely given where justice requires. Fed. R. Civ. P. 15(a).

####    1.    Breach of Contract

Plaintiff alleges that Defendant NRA is either a third party administrator or a party to the insurance contract and is therefore liable for the alleged breach. Plaintiff fails to cite legal authority to support the allegation that a policyholder of a group insurance policy may be held liable for the insurer's failure to pay a valid claim. Even if the NRA acted as an agent of the insurer in issuing certificates, this does not impose liability for LINA's alleged failure to pay a claim. "It is well recognized that third-party administrators of group insurance policies are agents of the insurer. [citations omitted] However, this agency relationship is used to hold the insurer liable for acts of the administrator, and not vice versa." *Cedars Sinai Medical Center v. Med-West National Life Insurance Co. of Tenn.,* 118 F.Supp.2d 1002, 1014 (2000).

The Supreme Court of Arizona concluded that there must first be "an agreement, a common purpose, a community of interest, and a right of control" before liability will be imposed on a policyholder. *Sparks v. Republic Nat. Life Ins. Co*, 132 Ariz. 529, 540 (1982). The court found the evidence of the case established "that the only function of the trust was to hold the policy and issue certificates of insurance. Testimony indicated that [the trust] was strictly a mechanism for insurance. Therefore, [the trust] was incapable of exercising any control or taking part in any concerted action toward the plaintiffs." *Id.* For this reason, the court found that it was error to submit the theory of

1  joint and several liability of the trust to the jury.

2  In this case, it is apparent from the first amended complaint and its attachment of the group policy that the NRA had no authority beyond issuing certificates for coverage to NRA members. Page one of the NRA group policy specifies that all premium payments are to be paid directly to LINA. Page two gives LINA the right to terminate coverage for various reasons. Page seven describes LINA claim provisions for the processing and payment of claims. The policy is signed solely by the President of Life Insurance Company of North America. Further, the March 14th letter to Plaintiff merely contains an NRA seal to indicate the policy is "endorsed" by the NRA. (*See* Declaration of Bruce Schwartz in Supp. Of Opp'n to Mot. to Dismiss, Ex. B.) It also specifically identifies LINA as the "carrier." A reasonable inference, therefore, cannot be made that this letter is actually from the NRA as Plaintiff suggests, and not from LINA or a third-party administrator.

From the insurance policy attached to Plaintiff's first amended complaint, it is clear that the Certificate of Insurance Hospital Indemnity Coverage was issued by LINA to Plaintiff and the contract is only between those two parties. (*See* Plaintiff's First Amended Complaint, Exhibit A.) Thus, no claim for breach of contract can be brought against the NRA.

**2.    Bad Faith**

A breach of the covenant of good faith and fair dealing may give rise to an action for bad faith. "Although an action for bad faith breach of the covenant of good faith and fair dealing sounds in tort, the duty of good faith and fair dealing derives from and exists solely because of the contractual relationship between the parties." *Hatchwell v. Blue Shield of California,* 198 Cal. App.3d 1027, 1033 (1988). In *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 576 (1973), the California Supreme Court found that in the absence of an insurance contract binding the parties there could be no cause of action for bad faith. In *Gruenberg,* an insurance adjustment firm, although acting as an agent of the insurer, was not held to be a party to the insurance contract and was therefore not subject to the implied duty of good faith and fair dealing. *Id.*

Here, the insurance contract is between LINA and Plaintiff. There is no contractual relationship between the NRA and the Plaintiff that imposes a duty of good faith and fair dealing on the Defendant. "Where no such relationship exists, no recovery for 'bad faith' may be had." *Austero*

*v. National Cas. Co.,* 62 Cal. App.3d 511, 516 (1976). Thus, no claim for bad faith can be brought against the NRA.

### 3. Negligent Infliction of Emotional Distress

Both parties agree that to state a claim for negligent infliction of emotional distress Plaintiff must allege each of the elements of negligence: (1) a legal duty to use due care; (2) a breach of such duty; (3) legal cause; and (4) damages caused by the negligent breach. *Friedman v. Merck & Co.,* 107 Cal. App.4th 464, 463 (2003).

Defendant contends that, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of *some other legal duty* and the emotional distress is proximately caused by that breach of duty," citing *Gu v. BMW of North America, LLC,* 132 Cal. App.4th 195, 207 (2005). (Def.'s Mot. to Dismiss at 9) (emphasis by Defendant). Defendant argues Plaintiff cannot establish that the NRA had an independent legal duty to refrain from causing Plaintiff emotional distress.

Under California law, "[a] legal duty may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Gu*, 132 Cal. App.4th at 204. For example, California cases have found that pharmacists, obstetricians and therapists owe an assumed duty to their patient that if breached, gives rise to a claim of negligent infliction of emotional distress. *See Huggins v. Longs Drug Stores California, Inc.,* 6 Cal.4th 124 (1993); *Burgess v. Superior Court,* 2 Cal. 4th 1064 (1992); and *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,* 48 Cal.3d 583 (1989). In addition, where a contract is related to the mental and emotional well-being of one of the parties, a special relationship automatically exists giving rise to a claim of negligent infliction of emotional distress. *Gu,* 132 Cal. App.4th at 207. California courts also have found a "'special relationship' inherent in the unique nature of an insurance contract." *Love v. Fire Insurance Exchange,* 221 Cal. App.3d 1136, 1147 (1990).

However, as discussed above, the NRA is neither a party to the insurance contract nor an insurer. Therefore, there is no special relationship arising from an insurance contract that can give rise to a claim for negligent infliction of emotional distress. Plaintiff can allege Defendant owed a legal duty giving rise to emotional distress damages only if he can allege in good faith that the NRA

"assumed" such a duty, or that such a duty should otherwise be "imposed by law." Because Plaintiff's first amended complaint fails to allege the NRA owed a legal duty to Plaintiff and the basis for such a duty, the motion to dismiss is granted with leave to amend.

### 4. False Promise

Defendant alleges Plaintiff has failed to plead a claim for false promise with sufficient particularity. A false promise is essentially a claim for fraud and, therefore, must be pled with particularity. Fed. R. Civ P. 9(b). The essential elements of a cause of action for false promise are: (1) a material promise made without intent to perform; (2) the promise was made with intent to induce reliance; (3) plaintiff was unaware defendant did not intend to perform; (4) plaintiff suffered damages as a result of relying on the promise. Cal. Jury. Instr. Civ. 12.40. To meet the particularity requirement the plaintiff must plead facts to "show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Superior Court,* 12 Cal. 4th 631, 645 (1996).

Here, Plaintiff's false promise claim is not pled with sufficient particularity. Plaintiff merely sets forth a general allegation that Defendant promised to provide Plaintiff with insurance coverage if hospitalized; Defendant's intent was fraudulent; Defendant failed to attempt performance; and as a result Plaintiff was damaged. (First Am. Comp. at ¶¶38-43.) Plaintiff has failed to plead with sufficient particularity who from the NRA made false representations, when, and where such representations were made. Further, Plaintiff has failed to make any more than a conclusory allegation that Defendant had fraudulent intent at the time the representations were made. Therefore, the motion to dismiss as to this cause of action is granted with leave to amend.

### 5. Conversion

Plaintiff alleges that Defendant, after receiving Plaintiff's insurance premium, failed to provide benefits under the policy, thus interfering with Plaintiff's possessory interest in the monies paid as premiums. The elements of conversion are "the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Oakdale Village Group v. Fong,* 43 Cal. App. 4th 539, 544 (1996).

Here, there is no allegation the NRA ever collected premium payments from Plaintiff. However, even if the NRA acted as an agent of LINA by collecting insurance premiums from

policyholders under the NRA group policy, Plaintiff did not have an ownership interest in the money once he entered the insurance contract with LINA and paid his premiums. Upon paying the premiums, Plaintiff traded his right to possession of the funds for a contractual interest in the benefits to be paid under the policy. Plaintiff cannot state a claim for conversion based on failure to pay insurance benefits under these circumstances.[2] Therefore, Defendant's motion to dismiss is granted without leave to amend.

### 6. California Business & Professions Code § 17200

Plaintiff alleges Defendant has engaged in "unlawful" claims practices; that the insured parties have been denied benefits; and that without injunction relief the unlawful practice will continue. To maintain a claim for *unlawful* business practice under Business & Professions Code § 17200, Plaintiff must allege that Defendant violated some specific law.[3]

In his first amended complaint, Plaintiff alleges Defendants have engaged in unlawful claims practices. However, Plaintiff fails to allege a violation of a specific statute. Mere conclusory allegations are insufficient. Plaintiff must plead facts with reasonable particularity specifying what "unlawful" acts were committed by the NRA and what statutory provisions were violated, or alternatively, what "unfair" practices were committed by the NRA. Plaintiff has failed to do so, therefore Defendant's motion to dismiss is granted with leave to amend. As Plaintiff will have an opportunity to amend the complaint, Defendant's request for a more definite statement is denied without prejudice.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendant's motion to dismiss Plaintiff's first, second, third, fourth, fifth and sixth claims for relief. Plaintiff is granted leave to amend his third, fourth and sixth claims <u>only</u>. Defendant's request for a more definite statement is denied without prejudice. Defendant's motion to strike Plaintiff's prayer for treble and punitive damages is granted as to the

---

[2] For further analysis of this claim, *see* Order Granting in part and Denying in part Life Insurance Company of North America's Motion to Dismiss at 5-6.

[3] For further analysis of this claim, *see* Order Granting in part and Denying in part Life Insurance Company of North America's Motion to Dismiss at 6.

1  specific claims under which such damages are alleged.  Plaintiff shall file his Second Amended
2  Complaint by September 29, 2006.  Plaintiff shall further contact the Magistrate Judge and schedule
3  an Early Neutral Evaluation Conference within 30 days of the filing of this Order, at which time all
4  pretrial and trial dates shall be set.

5  **IT IS SO ORDERED.**

6  DATED: September 14, 2006

8  DANA M. SABRAW
   United States District Judge

10  cc:   all parties
          Judge Sabraw